UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUSAN ELIZABETH HENDERSON,

     Plaintiff,

v.                                                      Case No:   6:15-cv-0018-Orl-40TBS

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## REPORT AND RECOMMENDATION

     Plaintiff Susan Elizabeth Henderson brings this action for judicial review of a final

decision of the Commissioner of the Social Security Administration denying her

application for a period of disability and disability insurance benefits.   Upon a review of

the administrative record and the joint memoranda submitted by the parties, and for the

reasons that follow, I respectfully recommend that the Commissioner's final decision be

reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. §

405(g).

### I. Background

     Plaintiff filed her application for benefits on April 11, 2011, alleging that she has

been disabled since March 1, 2010 (Tr. 14, 179-80).   Her claims were denied initially and

on reconsideration, and she requested a *de novo* hearing before an administrative law

judge ("ALJ").   The hearing was held by video teleconference with Plaintiff and her

attorney appearing in Port Orange, Florida with the ALJ sitting in Jacksonville, Florida (Tr.

28, 178).   Plaintiff originally consented to, and later objected to this procedure (Tr. 171,

177, 301-302).

The administrative hearing was held on April 30, 2013, at which Plaintiff, represented by counsel, appeared and testified, as did a vocational expert (Tr. 14, 28). In a decision dated May 24, 2013, the ALJ concluded that Plaintiff was not disabled from March 1, 2011, through the date of the decision (Tr. 14-21).   The ALJ's decision became the final decision of the Commissioner when the Appeals Council declined review on November 17, 2014 (Tr. 1-3).   Plaintiff was 55 years of age on the date of the ALJ's decision (Tr. 21, 179).   Her last date insured for disability insurance purposes was December 31, 2014 (Tr. 16).

## II. The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the Commissioner's five-step sequential evaluation process set out in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4).   Specifically, the ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy.   See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004).   The claimant bears the burden of persuasion through step four and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

The ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset of disability date (Tr. 16).   The ALJ also found that Plaintiff's severe impairments consist of disorders of the spine, CVA[1]  with late effects of cerebrovascular

---

[1]  The ALJ failed to define "CVA."

disease, essential hypertension, disorders of the gastrointestinal system, history of breast cancer, and diabetes (Id.).   The ALJ determined that Plaintiff's impairments do not meet or equal a listed impairment and leave her with the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) except she should never climb ladders, ropes, or scaffolds.   She can frequently climb ramps/stairs, balance, stoop, crouch, kneel, and crawl."  (Tr. 17).   The ALJ decided that this RFC does not prevent Plaintiff from performing her past relevant work as an accounting clerk and secretary as actually and generally performed, or as a sales clerk as that job is generally performed (Tr. 20-21).   The ALJ also relied on the testimony of the vocational expert to find that Plaintiff has acquired skills from her past relevant work that are transferable to other occupations for which jobs exist in significant numbers in the national economy, including clerk typist and circulation clerk (Tr. 21).   Based upon these findings, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from March 1, 2010, through the date of the ALJ's decision (Id.).

## III. Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings are supported by substantial evidence.   Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004).   The Commissioner's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. § 405(g).   Substantial evidence is "more than a scintilla but less than a preponderance.   It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion."   Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision.   Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]"   Id.   "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## IV. Discussion

Plaintiff argues that the ALJ erred in evaluating the medical opinions of Lisa S. Merilson, Psy.D., and David J. McDonald, M.D., and in failing to include in Plaintiff's RFC assessment limitations for vomiting, diarrhea, slurred speech, difficulty remembering words, abdominal scarring, and dizziness (Doc. 14, pp. 29-37).   Plaintiff also argues that the ALJ and the Jacksonville Office of Disability Adjudication and Review erred in denying her request for an in-person hearing in Orlando, FL (Id. at pp. 17-23).

I respectfully recommend that the case be reversed and remanded based upon the ALJ's treatment of Dr. Merilson's opinion.   Dr. Merilson made a consultative, neuropsychological evaluation of Plaintiff on March 19, 2012.   The purpose of the evaluation was to assess Plaintiff's neurobehavioral functioning in the context of concerns regarding cognitive decline (Tr. 744-49).   The doctor performed a clinical review, Halstead Reitan Neuropsychological Test Battery, Wechsler Adult Intelligence Test – fourth edition, Wechsler Memory Scale – fourth edition, California Verbal Learning Test,

FAS Associated Fluency Test, Rey-Osterrieth Complex Figure, Trail Making Test, Short Category Test, WRAT3 Reading subtest, and Minnesota Multiphasic Personality Inventory – 2 Restructured Form.   Testing revealed, *inter alia*, "variability in attention and processing with otherwise average range cognitive function.   Basic auditory and visual attention was mildly impaired to average and she displays mild impairment in ability to sustain attention across time.   Visuomotor tracking was mild to moderately impaired with average range performance on other measures of processing."   (Tr. 748).   "MMPI-2-RF substantive scales indicate somatic and cognitive complaints, and emotional and interpersonal dysfunction."   (Id.).   "Somatic complaints include preoccupation with poor health, malaise, head pain, neurological symptoms, and gastrointestinal problems.   Cognitive complaints include difficulties in memory and concentration.   Emotional-internalizing findings include depression, helplessness and hopelessness, self-doubt, and anger.   Interpersonal difficulties relate to social avoidance."   (Id.).   Dr. Merilson offered the following "IMPRESSION:"

> Results of the present neuropsychological examination suggest that the patient is experiencing mildly reduced processing and ability to regulate intensity and selectivity domains of attention.   Impairment in these areas and problems allocating cognitive resources effectively and consistently can affect other areas of cognition such as memory in daily function.   Circumscribed impairment noted on testing can certainly reflect cerebral dysfunction related to vascular issues, but is also highly sensitive to psychological factors and medication effects.   The latter is suspected at this time.

Id.

After a follow-up visit with Plaintiff on April 2, 2012, Dr. Merilson opined:

> 1.   She has multiple risk factors for dementia and it is recommended that her cognitive and functional capacity

continued to be closely monitored.   She will continue to follow-up with her neurologist.

2.   To address current cognitive complaints, she was provided with cognitive compensatory strategies for use in daily function.   She was encouraged to maintain proper nutrition as this seems to be an issue at present.   Benefits of exercise on brain health were also discussed and she was encouraged to engage in some level of physical activity on a daily basis as permitted by her physicians.

3.   She was offered psychological services here in our office with Dr. Parker to address depression.

4.   The current neuropsychological evaluation serves as a baseline.   Given her neurologic history, repeat neuropsychological testing is recommended in one year.

Tr. 748-49.

On April 16, 2012, David J. McDonald, M.D., wrote that "neuro-psych testing showed some psychological factors" and Plaintiff "had mildly reduced processing speed and ability to maintain attention but she was also highly sensitive to psychological factors."  (Tr. 762).

When the ALJ determined Plaintiff's RFC he noted: "A neuropsychological examination with Lisa Merilson, Ph.D. in April 2012 yielded no significant findings. (Exhibit 24F)."  (Tr. 20).   But during the administrative hearing the ALJ mentioned Dr. McDonald's April 16, 2012 opinion that Dr. Merilson's examination revealed a "mild reduction in processing speed" and "mild reduction for maintaining attention."   (Tr. 66). Then, without any basis in the record to support his conclusion, the ALJ interpreted this "mild reduction in processing speed" as a "5 or 10 percent reduction in processing speed," "5 to 10 percent decrease in pace," and "5 to 10 percent reduction in attention and concentration."   (Id.).   The vocational expert testified that adding these limitations to Plaintiff's RFC assessment would mean she could not do her past relevant work or the

job of clerk typist (Tr. 67-68).

In evaluating a claimant's RFC, an ALJ must weigh the opinions and findings of treating, examining, and non-examining physicians.   A "medical opinion" is any statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical or mental restrictions.   Winschel, 631 F.3d at 1178-79; 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).   When confronted with a physician's medical opinion, the ALJ must state with particularity the weight given to the opinion and the reasons therefor.   Id. (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987)).   A statement by the ALJ is necessary to enable reviewing courts "'to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'"   Id. at 1179 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)).

The ALJ failed to state the weight he assigned to Dr. Merilson's opinion or the rationale for that decision.   Consequently, I am unable to conclude that the ALJ's treatment of Dr. Merilson's opinion is rational or if it is supported by substantial evidence. The ALJ's failure to adequately evaluate Dr. Merilson's opinon creates additional problems for the Court.   At the hearing the ALJ decided that the doctor's opinion, if accepted, means Plaintiff has a 5 to 10 percent reduction in processing speed, pace, attention and concentration.   This conclusion conflicts with the ALJ's statement that Dr. Merilson's examination "yielded no significant findings."   (Tr. 20).   And, if the ALJ believed Dr. Merilson was correct then why wasn't this limitation included in Plaintiff's RFC assessment?   Alternatively, if the ALJ decided that the doctor's opinion was not entitled to any weight, then the Court is left to speculate why the ALJ reached that

conclusion.   If the ALJ fulfilled his obligation to weigh Dr. Merilson's opinion the Court would not be confronted with these unanswerable questions.   Therefore, I recommend that this case be remanded to the Commissioner for further consideration of Dr. Merilson's opinion.

Having concluded that this action must be remanded, the Court need not decide Plaintiff's other arguments.   See Freese v. Astrue, No. 8:06-CV-1839-T-EAJ, 2008 WL 1777722, at *3 (M.D. Fla. Apr. 18, 2008) (citing Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986)).

## V. Recommendation

Upon consideration, I **RESPECTFULLY RECOMMEND** that the Commissioner's final decision be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the findings in this report and recommendation.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.   A party failing to file written objections to a magistrate judge's findings or recommendations within fourteen (14) days of the issuance of the report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual findings and legal conclusions.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on November 13, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

- 8 -

Presiding United States District Judge
Counsel of Record